UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CMA-CGM (CANADA) INC.,

                            MEMORANDUM AND ORDER

          Plaintiff,                  CV 10-1514

  -against-                       (Wexler, J.)

WORLD SHIPPERS CONSULTANTS,
LTD.,

          Defendant.
-----------------------------------------------------------X
APPEARANCES:

LAW OFFICES OF MARK McKEW, PLLC
BY: MARK McKEW, ESQ.
Attorneys for Plaintiff
1725 York Ave., Suite 29A
New York, New York 10128

CHALOS & CO., P.C.
BY: GEORGE M. CHALOS, ESQ.
     KATHERINE N. CHRISTODOULATOS, ESQ.
Attorneys for Defendant
55 Hamilton Avenue
Oyster Bay, New York 11771

WEXLER, District Judge

This is a case alleging breach of contract arising out of the shipment of goods. Presently before the court is Plaintiff's motion for summary judgment.

## BACKGROUND

I.    The Parties and their Business

Plaintiff CMA-CGM (Canada) Inc., ("Plaintiff" or "CMA") is an agent of an ocean carrier known as "MA CGM S.A." The latter named corporation is not a party hereto. CMA is in the

1

business of providing and arranging for international ocean transportation and related work, material, labor and services for its customers. Defendant World Shippers Consultants, Ltd., ("Defendant" or "World Shippers") states that it acts as an agent for shippers, icluding those who have used the shipping services provided by Plaintiff.

## II. The Complaint and Prior Proceedings

Plaintiff brought this action alleging that it is owed $117,962.00 under bills of lading referencing 23 separate shipments. Plaintiff claims that payment is due under invoices issued to World Shippers referencing each bill of lading.

This case was commenced in April of 2010. Discovery was closed in July of 2011. Shortly thereafter, the parties agreed to mediation. When mediation failed to result in settlement, the matter was referred back to this court. The present motion for summary judgment followed.

## DISCUSSION

### I. Disposition of the Motion

To prevail on a claim for breach of contract a plaintiff must prove: (1) the existence of an agreement between plaintiff and defendant; (2) adequate performance of the contract by plaintiff; (3) breach of contract by defendants, and (4) damages. Reuben H. Donnelly Corp. v. Mark I Marketing Corp., 893 F. Supp. 285, 290 (S.D.N.Y. 1995).

The court's review of the documents submitted in connection with the motion, particularly the statements pursuant to Local Rule 56.1, reveals that the parties are in agreement as to several important facts. First, there is no question but that Plaintiff properly performed the services at issue. Thus, Defendant agrees that Plaintiff provided ocean transportation and related services from locations in the United States to destinations in Africa in connection with the bills

of lading. Specifically, it is agreed that Plaintiff "timely and properly delivered the cargo transported pursuant to the bills of lading . . . ." There is also no question as to the fact that Plaintiff provided Defendant with "booking confirmations" as to each shipment. Moreover, the parties agree as to the total amount owed for the shipping services provided.

There is however, a material issue of fact which precludes summary judgment. Specifically, World Shippers takes the position that it acted only as an agent on behalf of shippers, who were principals disclosed to Plaintiff. As such, it argues that it cannot be liable on any contract for the amounts due to Plaintiff. See Seguros Banvenez, S.A. v. S/S Oliver Drescher, 761 F.2d 855, 860 (2d Cir. 1985) (agent that makes contract for a disclosed principal is neither a party to the contract nor liable for performance thereof); Thomson Reuters (Property Tax Services) Inc. v. Thomas Enterprises, Inc., 2010 WL 5057459 *2 (S.D.N.Y. 2010) (denying summary judgment motion on ground, inter alia, that agency status of defendant was at issue). The issue of the contractual relationship between Plaintiff and World Shippers is a material issue of fact precluding summary judgment.

## CONCLUSION

Plaintiff's motion for summary judgment is denied. The court will shortly notify the parties of the scheduled date for trial of this non-jury matter.

SO ORDERED.

s/L. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
May 17, 2012

3